NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000455
21-MAR-2018
08:11 AM

NO. CAAP-15-0000455

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ANTHONY SANTIAGO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1519)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Acting C.J., Ginoza and Chan, JJ.)

Defendant-Appellant Anthony Santiago (Santiago) appeals from the May 14, 2015 Judgment of Conviction and Probation Sentence entered in the Circuit Court of the First Circuit (Circuit Court).[1]  Santiago was convicted of two counts of Terroristic Threatening in the First Degree (TT1), in violation of Hawaii Revised Statutes (HRS) § 707-716(1)(e) (2014).  He was sentenced to two concurrent four-year probationary terms with, *inter alia*, one year of incarceration with credit for time served as a special term.

On appeal, Santiago challenges the Circuit Court's decision to exclude evidence that one of the complaining witnesses was held for over a year because he could not afford $150,000 bail set in an unrelated case, and instructions on self-defense and the definition of a dangerous instrument.

---

[1]    The Honorable Karen S.S. Ahn presided.

After a careful review and consideration of the points raised[2] and arguments made by the parties, the record, and the applicable legal authority, we resolve Santiago's points as follows and affirm.

1. The Circuit Court did not err in excluding testimony that the complaining witness named in Count I (CWI) was being held in prison because he was unable to make bail in the amount of $150,000, when the property that was central to the dispute underlying this case was removed from CWI's home. Santiago argues that the Circuit Court's ruling prevented him from presenting to the jury the reasons Santiago knew CWI would not be home soon and why he needed to safeguard CWI's property.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Hawaii Rules of Evidence (HRE) Rule 401. "Evidence which is not relevant is not admissible." HRE 402. "A trial court's determination that evidence is 'relevant' within the meaning of HRE Rule 401 (1993) is reviewed under the right/wrong standard of review." State v. St. Clair, 101 Hawai'i 280, 286, 67 P.3d 779, 785 (2003) quoting State v. Cordeiro, 99 Hawai'i 390, 403-04, 56 P.3d 692, 705-06 (2002).

Santiago's defense involved justifying his actions with regard to CWI's property, a dispute over which was the basis for the meeting giving rise to the incident underlying the charged offenses. Santiago maintained that CWI had asked him to "watch his house" and it was because CWI was away for over a year that Santiago believed it was necessary to take steps to safeguard

---

[2] We note that Santiago's points on appeal do not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) insofar as they do not provide citations to the record identifying where the alleged error occurred, where it was objected-to, and where the grounds for the objection may be found, nor do they contain a description of the substance of the evidence and a quotation of the instructions at issue. Counsel is warned that future noncompliance may result in disregard of the noncompliant points and/or sanctions. HRAP Rules 28(b)(4) and 51.

CWI's property. Santiago argued that he should be able to present to the jury the reason CWI was away for an extended period of time to support his actions. The Circuit Court ruled that Santiago could present evidence that CWI was away from his home for this period, but ruled that the reason CWI was away was not relevant. We agree. The reason CWI was away from his home when his property was removed did not make it more or less likely that Santiago was justified in his handling of CWI's property, or make any fact pertinent to the TTI charges more or less probable.

2. The instructions regarding self-defense and defining dangerous weapons were not erroneous. Both instructions were given by the Circuit Court by agreement. "[T]he appellant must first demonstrate instructional error by rebutting the 'presumption that unobjected-to jury instructions are correct.'" State v. DeLeon, 131 Hawai'i 463, 479, 319 P.3d 382, 398 (2014) (quoting State v. Nichols, 111 Hawai'i 327, 337 n.6, 141 P.3d 974, 984 n.6 (2006)).

a. Santiago agrees that a self-defense instruction should have been given and does not argue that the Circuit Court's instruction was an incorrect statement of the law but maintains that, because the "use of deadly force was not at all an issue in this case[,]" the Circuit Court should have "redacted the sections which commanded the jury to first consider whether [Santiago] used deadly force." However, a defendant is entitled to have the trier of fact consider any defense no matter how weak, unsatisfactory, or inconclusive the evidence may appear to be. State v. Pavao, 81 Hawai'i 142, 146, 913 P.2d 553, 557 (App. 1996). There was testimony presented here that, even before all the participants had been seated, Santiago yelled at CWI and the complainant named in Count II (CWII), "I going kill you guys. I going blow you away. I going bury you[;]" that Santiago repeated these threats, getting "madder each time[,]" that Santiago placed a partially unzipped bag on the table from which three inches of a gun's muzzle could be seen, and that

3

Santiago placed his hand on the bag in such a way that he could have pulled the trigger through the soft fabric of the bag. Given this testimony, the jury may have considered Santiago's words and actions to constitute the use of deadly force. Therefore, it was not error to issue an instruction defining the use of deadly force for the jury.

b.     Santiago argues that the Circuit Court's instruction defining "dangerous instrument" was error because "without the definition of firearm, the jury could easily have believed the State did not need to prove [he] brandished a real gun." Santiago's argument is without merit. Terroristic Threatening in the First Degree under HRS § 707-716(1)(e), with which Santiago was charged, requires proof that "a dangerous instrument" was used. The instruction defining dangerous instrument was taken verbatim from the statutory definition provided in HRS Chapter 707, the chapter also defining the offense of Terroristic Threatening. The term "firearm" has not been defined for the purposes of HRS § 707-716(1)(e). Nevertheless a "firearm" is commonly understood as "a small arms weapon, as a rifle or pistol, from which a projectile is fired by gunpowder." Dictionary.com, http://www.dictionary.com/browse/ firearm (last visited February 23, 2018), Merriam-Webster's Collegiate Dictionary, 471 (11th ed.) ("a weapon from which a shot is discharged by gunpowder"); see also State v. Mita, 124 Hawai'i 385, 290-91, 245 P.3d 458, 463-64 (2010) ("animal nuisance" was a commonly understood term and gave defendant fair notice of the offense charged). The jury was instructed that the firearm need not be loaded or operable, and there is nothing in the instructions that implies the object in question did not need to be a "real" firearm. The jury's common understanding of the meaning of "firearm" coupled with the instruction as given adequately informed the jury that the object in question had to

4

be a "firearm" and did not imply that a "replica gun" would suffice.

For the foregoing reasons, the May 14, 2015 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 21, 2018.

On the briefs:

Randall K. Hironaka,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge